UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60255-CR-MARRA\MATTHEWMAN

UNITED STATES OF AMERICA,

vs.

ANTHONY SHAND,

        Defendant.
_____/

## UNITED STATES OF AMERICA'S RESPONSE OPPOSING THE DEFENDANT'S PSI OBJECTION

The United States of America, by and through the undersigned Assistant United States Attorney, files this response opposing the defendant's objection to the Pre-Sentence Investigation ("PSI") report and shows the same should be denied for the following reason:

I.    THE DEFENDANT MADE CREDIBLE THREATS TO USE VIOLENCE BECAUSE HE HAD THE MEANS TO DO WHAT HE HAD THREATENED.

Wherefore, for the foregoing reasons, the United States of America requests that the PSI objection of the defendant be denied.

## ARGUMENT

I.    THE DEFENDANT MADE CREDIBLE THREATS TO USE VIOLENCE BECAUSE HE HAD THE MEANS TO DO WHAT HE HAD THREATENED.

The newness of the United States Sentencing Guidelines Section 2D1.1(b)(2) amendment has denied an opportunity for the courts to review. Past Supreme Court rulings have used the approach of determining the applicability of a law to a particular fact scenario by using the "ordinary or natural meaning" of the words as their analysis. *Federal Express Corporation v. Holowecki*, 552 U.S. 389, 408 (2008) and *Watson v. United States*, 552 U.S. 74, 77 (2007).

[1]

## THREATS TO USE VIOLENCE

The Webster's Dictionary defines a threat as "an expression of intention to inflict evil, injury, or damage." The meetings between the undercover agents and the defendants were recorded. Shand made multiple threats to use violence or "expressions of intention to inflict evil, injury or damage" during the recorded meetings:

> KERR and SHAND planned to recruit a third person to help commit the robbery so their guns will outnumber the two guns the guards might possess.
>
> Stipulated Factual Proffer[1] at paragraph 2B on page 4.
>
> SHAND said he would tell the guards upon entering the stash house: "All you damn niggers get down. Don't move or breathe." SHAND stated "the niggers (the cocaine stash house guards) don't have enough time to sneeze."
>
> Stipulated Factual Proffer at paragraph 2B on page 4.
>
> KERR and SHAND advised the UC's that to better protect UC McKean additional personnel with firearms had been recruited. SHAND said he had grown up with the new individuals and knew they were trustworthy. DIXON

---

[1] Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy. *Blackledge v. Allison*, 431 U.S. 63, 74-75 (1977); *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988); *United States v. Hauring,* 790 F.2d 1570, 1571 (11th Cir. 1986); *Downs-Morgan v. United States*, 765 F.2d 1534, 1541 n.14 (11th Cir. 1985).

In paragraph 4 on pages 7 and 8 of the stipulated factual proffer for guilty plea executed by the Defendant, Shand confirmed the accuracy of its contents by his signature and later made an oral affirmation during his guilty plea:

By his signature below, the defendant verifies that:

A)   he has read and understood the foregoing;

B)   the stipulated factual record is true and correct;

C)   he signs this document freely and voluntarily after he has received the advice of his counsel.

stated that if someone was killed during the robbery, help would be needed to escape . . .. When UC McKean mentioned that KERR had recruited an army to commit the home invasion robbery to steal 15 kilograms of cocaine, SHAND responded the additional men were present to insure everyone's safety.

Stipulated Factual Proffer at paragraph 2E on pages 5 and 6.

SHAND advised UC McKean that SHAND, KERR, DIXON, GIVANS, and MCCALLA were going to enter the stash house to rob the kilograms of cocaine and the informant and GLAZE would be lookouts.

Stipulated Factual Proffer at paragraph 2E on page 6.

CREDIBLE

Credible according to the Webster's Dictionary means "able to be believed; reasonable to trust or believe."

Words can be disingenuous. A better litmus test to determine the believability of what a person says is what actions a person undertakes to accomplish or achieve the words spoken.

A total of six guns (including one assault rifle), 156 rounds of ammunition, four high capacity magazines, a bag of zip ties to use as handcuffs, and nine pairs of gloves were seized from the possession of the defendants and from the three automobiles used to transport the defendants to the meeting at the undercover facility.

Searches were conducted post-arrest of the defendants and the three vehicles used to transport the defendants to the final meeting. At the time of his arrest, SHAND was wearing a black shirt and dark blue jeans. Seized from the car that transported SHAND to the final meeting was: a bag of zip ties to be used as handcuffs behind the front passenger seat; four (4) pairs of gloves from the rear passenger seat (two pairs of black cloth gloves and two pairs of Wells Lamont gloves); a dark brown Tommy Hilfiger hat from the rear passenger seat; a black shirt from the rear passenger seat; a green backpack put into the

trunk by KERR after receiving from GIVANS that contained gray shorts, sandals and one pair of Wells Lamont gloves, an unloaded Smith and Wesson, model 66, .357 caliber revolver, serial number 4K1579, and a Taurus, model PT145 Millennium Pro, .45 caliber pistol, serial number NUE50134, loaded with a magazine of 10 rounds of assorted .45 caliber ammunition (one round in chamber).  Stipulated Factual Proffer at paragraph 3 on page 7.

## CONCLUSION

A credible threat in a different context has been defined as "a threat that is real and immediate, not conjectural or hypothetical."  *Kegler v. United States Department of Justice*, 436 F. Supp 2d 1204, 1212 (D. Wyo. 2006) citing *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974).  The usage of a Special Response Team (SRT) or SWAT to apprehend and to arrest the defendants shows the credible threat of danger the words and the actions of the defendants constituted in the view of law enforcement.

The defendant's words were not hollow.  The defendants meant what they said.  The defendants had the ability to make their threats to use violence a reality.

Based upon the foregoing, the United States of America requests that this Court deny the objection to the PSI made by the defendant.

                Respectfully submitted,

                WIFREDO A. FERRER
                UNITED STATES ATTORNEY

BY:   *s/Donald F. Chase, II*
        DONALD F. CHASE, II
        ASSISTANT UNITED STATES ATTORNEY
        COURT NO. A5500077
        500 E. BROWARD BOULEVARD, SUITE 700
        FT. LAUDERDALE FL 33394
        TEL. NO. (954) 660-5693

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 28, 2014, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

                                               *s/Donald F. Chase, II*
                                               DONALD F. CHASE, II
                                               ASSISTANT UNITED STATES ATTORNEY