UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 13-60255-CR-KAM

UNITED STATES OF AMERICA,

   Plaintiff,

v.

DOMINIC S.A. KERR,

   Defendant,

_____/

**DEFENDANT DOMINIC KERR'S SENTENCING MEMORANDUM**

COMES NOW, the Defendant, DOMINIC KERR, (hereinafter "Mr. Kerr"), through undersigned counsel, and respectfully submits this Sentencing Memorandum in support of his request that this Honorable Court, consider the circumstances of the Defendant as they relate to §3553(a)(l) in allowing for a sentence below the guideline range that is "sufficient, but not greater than necessary, to comply with the purposes set forth" in 18 U.S.C. $35553(a).

**SUMMARY OF ARGUMENT**

The downward sentencing "variance" requested herein, it is respectfully suggested, would be justified in light of Mr. Kerr's his exceptional behavior while being pretrial incarcerated in this matter; the fact that a lengthy sentence would impair his rehabilitation; his                  lack                  of                  fatherly

guidance as a youth, abandonment by his biological father as a child and claims of physical abuse by his "common law" step-father prior to the indicted incidents herein which may have triggered or worsened his ADD/ADHD psycho-motor disability which led to self-medication with drugs of various types which he was clearly under the influence of during the acts that resulted in his indictment and conviction; his socio-economically disadvantaged background; the fact that he was only eighteen when the incident occurred; the fact that no one was injured during these incidents; the fact that Mr. Kerr, upon arrest herein, immediately began cooperating, even before contacting his mother or seeking legal counsel; the fact that Mr. Kerr was not found to be an organizer or supervisor of the criminal activities herein which resulted in his being indicted federally, after which he continued cooperating with the federal authorities, agreeing to meet with the government to discuss the case; the fact that there was no identifiable "victim" in this matter and that no person was injured as a result of this case or Mr. Kerr's actions; Mr. Kerr was under the influence of possibly up to 30 marijuana "joints (cigarettes) at the time of some of the criminal activity involved. Finally, Mr. Kerr, still a teenager, will only be 19 years of age as of the day of sentencing.

## FACTUAL AND PROCEDURAL HISTORY

Pages 4 through 10 of the Presentence Investigation Report (as amended) accurately reflects the factual and procedural history of this case and are adopted by reference and will not be reiterated here.

### SENTENCING OPTIONS

As a result of the Supreme Court's decision in *United States v. Booker,* l25 S. Ct. 738 (2005), the Sentencing Guidelines are now "effectively advisory" in all cases. *Id.* at 757. The result is that a District Court must now "consider guideline ranges", but may "tailor the sentencing in light of other statutory concerns as well." *Id.* at 757. Thus, under *Booker,* sentencing courts must treat the Guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553 (a). The basic mandate and overriding principle of § 3553 (a) requires a District Court to impose a sentence "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in § 3553(a)(2):

Neither the statute itself nor *Booker* suggests that any one of these factors is to be given greater weight than any other factor. However, what is clear is that all of these factors are subservient to § 3553(a)'s mandate to impose a sentence not greater than necessary to comply with the four purposes of sentencing. A sentencing court is further guided by 18 U.S.C. § 3582, which provides that in determining whether and to what extent imprisonment is appropriate based on the § 3553(a) factors, the judge is required to "recognize that imprisonment is not an appropriate means of promoting correction and rehabilitation" (emphasis added).

In *Rita v. United States, 127* S. Ct. 2456, (S. Ct. 2007) the Supreme Court held that Courts of Appeal may presume that a guideline sentence is reasonable, but stressed the presumption was "an appellate court presumption [that] applies only on appellate review". By contrast, "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." In *United States v. Sachsenmaier,* 491 F3d 680 (7th Cir. 2007) (post-*Rita* case) the Court stated the "District Courts must calculate the advisory

sentencing guideline range accurately, so that they can derive whatever insight the guidelines have to offer, but ultimately they must sentence based on 18 U.S.C. § 3553 (a) without any thumb on the scale favoring a guideline sentence." .

In *United States v. Santoya,* 493 F. Supp. 2d 1075 (D.D. Wisc.) the Court stated that under *Rita* "the sentencing judge is forbidden from indulging a presumption that the Guidelines sentence is the correct one." In *Kimbrough v. United States, Id.,* a case involving the disparity between punishment for crack-cocaine and cocaine powder form, the Court concluded that the sentencing guidelines are advisory only, and rejected the lower court's ruling that they are effectively mandatory.

In *Gall v. United States, 552* U.S. (2007) No.: 06-7949, the Court basically cleared the way for judges to impose sentences below the specified range and still have punishment regarded as "reasonable." Justice Stevens told Federal Appeals Courts to use a "deferential abuse-of-discretion standard" even when a trial sets a punishment below the range. The *Gall* decision overturned a ruling by the Eighth Circuit Court that a below-guideline sentence would be reasonable only if justified by "extraordinary circumstances." *Gall* further reiterated the *post-Booker* reality that:
> The guidelines are not the only consideration...after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should...consider all of the 3553(a) factors to determine whether they support the sentence requested…(the court) may not presume…the Guidelines range is reasonable.  He must make an individualized assessment based on the facts presented.

*Gall* at 596-597.

Accordingly, the Guidelines are but one and only one of the factors to be considered by the District Court who must, after considering all of the sentencing factors, "tailor the sentence in light of other statutory concerns." *United States v. Ellis,* 419 F3.d 1189, 1193

( 11 Cir. 2005). The Eleventh Circuit Court of Appeals has joined a number of other Circuits which have refused to adopt a rule that a sentence at the low end of a properly calculated advisory sentencing guideline range is per se reasonable. *United States v. Hunt,* 459 F3.d 1180(1lth Cir. 2006). Title 18 U.S.C. $3553(a) sets forth a list of at least ten (10) separate sentencing factors which this court is required to consider in fashioning a sentence which is "sufficient, but not greater than necessary, to comply with the purposes" set forth in the Act

### 18 U.S.C. $3553(a)(l)-The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

In the instant matter, a downward variance from the guidelines is warranted in light of the following factors particular to Mr. Kerr:

1) He was a teenager of the age of 18 when the incident occurred;

2) When the final incident offense occurred, he had been an adult, i.e., 18 years old teenager;
3) Upon his arrest, he immediately cooperated with law enforcement and gave a sworn, taped confession, even before contacting his mother or seeking legal counsel;
4) This was the aberrant conduct of a child who was involved with older, co-actors ;
5) Apart from this incident, he was highly regarded, respected by his friends and family and according to his mother, recently well- behaved and then "on the right track";
6) He never finished high school;
7) He wanted to be close to his biological father who spent most of the father's adult life in prison and was shot to death when Mr. Kerr was 12 years old, triggering his downward spiral into self-medication of his already tenuous ADHD condition via drugs and poor, impulsive, decision making;
8) He was subjected to verbal and physical abuse at the hands of his step-father ;
9) He struggled with profound narcotics addiction using MDMA (methylene-dioxy methamphetamine) and upwards of thirty (30) marijuana "joints" (cigarettes) per day, prior to and around the time of this incident
10) He suffered severe head injuries in two incidents where he was struck by cars as a teen and was hospitalized and/or lost consciousness;
11) He self-medicated and experimented with drugs or alcohol to escape the agony of knowing his father was sh to death and his world was collapsing around him;
12) He has no children out of wedlock or otherwise;
13) He is a universally beloved, soft-spoken, shy, well-regarded person in his neighborhood community and at his former high school;
14) He is a loving son who dotes upon his mother who is convinced he he makes strides towards a full recovery to become a decent citizen and normal and productive member of society;
15) During his now almost ten (10) months of continuous incarceration, he has been an upbeat, courteous and model inmate at both the Palm Beach County Jail and the

Federal Detention Center, despite knowing that he faces possibly severe punishment for his involvement in this matter;

The following factors may have negatively contributed to Mr. Kerr's state of mind at or around the time the incidents began, possibly triggering this series of unfortunate acts:

1) he comes from a impoverished, lower, lower socio-economic strata, single-mother only family;
2) he has had no contact with his biological father who abandoned the family very early in his life when he was still a very young child, spent most of his adulthood in prison and was eventually shot to death when Mr. Kerr was yet 12 years old;
3) his "common law" "step-father" allegedly abused Mr. Kerr verbally and physically until shortly before these incidents occurred;
4) he is a member of a statistically "at risk" socio-economic demographic;
5) Mr. Kerr suffers from profound narcotics addiction;
6) Mr. Kerr suffers from ADD/ADHD and has suffered from memory loss and "blackouts" as a result of childhood head injuries which resulted in his hospitalization on more than one occasion;

These negative risk-triggering factors are one time "life events" that, obviously, could never recur.

**18 U.S.C. $3553(a)(2)(A-D): Deterrence and Punishment and 18 U.S.C. $3553(a)(7): Need to Provide Restitution to any Victims**

These four factors discuss the need for deterrence, both in general, to promote respect for the law and to provide a just punishment for the offense and specifically to deter this defendant from further criminal conduct and to protect the public from further crimes of the defendant. In the instant matter, there will be no claim of restitution under $3553(a)(7). During the sentencing hearing, undersigned counsel shall present testimony from Mr. Kerr's mother and friends and supporters, including any letters of support provided to counsel by this date from friends and colleagues of young Mr. Kerr, and finally, the Court will hear from Mr. Kerr himself. It is beyond question that Mr. Kerr is remorseful and ashamed of his conduct. His immediate and continued cooperation with law enforcement is but one example of his efforts to make this wrong situation right. Oftentimes remorse is discussed as an important factor in assessing future risk of a defendant.

Furthermore, this Court has at its disposal a number of options other than guidelines incarceration

to protect the public and to give weight to the seriousness of the offense and the need to promote respect for the law. Oftentimes, punishment can take the many different forms. Undersigned counsel respectfully asserts that the question for this Honorable Court is what is a fair and just punishment under this set of unique facts that will provide the necessary punishment, promote respect for the law and protect the public from further crimes of the defendant?

Young Mr. Kerr will be a convicted felon at the tender age of 19 years. Too many times we discuss incarceration as if it is the only punishment associated with the commission of a crime. For a teenager, to be a convicted felon has far and deep reaching consequences.

# APPLICATION OF THE STATUTORY SENTENCING
# FACTORS TO THE FACTS OF THE CASE

In *United States v. Collington,* 461 F.3d. 805 (6th Cir. 2006) a drug and guns case where the guidelines were 188 to 235 months, the appellate court affirmed the trial court's sentence of 120 months in part because of the early deaths of the defendant's parents.

In *Landigan v. Schiro,* 441 F.3d 638, 648 (9th Cir. 2006), the court held that where a defendant's crime is attributable to a disadvantaged background or emotional or mental problems, the defendant is less culpable than one without the excuse.

In *United States v. Floyd,* 945 F.2d 1096(9th Cir. 1991), a drug case with guidelines of 30 years to life, the appellate court *affirmed* a departure due to the defendant's abandomnent by his parents and lack of guidance as a youth-rendering the defendant less culpable. The court also stated that "a criminal sentence must reflect an individualized assessment of a particular defendant's culpability rather than a mechanistic application of a given sentence to a given category of crime."

A shorter period of incarceration would enable young Mr. Kerr a chance to ultimately rejoin society as a young man with a full life ahead of him, giving him an enhanced opportunity at becoming a productive member of society.

In *United States v, Husein,* 478 F.3d 318 (6th Cir. 2007) the defendant was convicted of participating in drug transactions and the guidelines were 40 months. The court held that a sentence of one day in prison and 270 days home confinement was warranted in part because

the defendant's family would "benefit more by the defendant's presence than society would benefit from her incarceration." In *United States v. Menyweather,* 447 F.3. 625 (9th Cir. 2006) the court upheld as reasonable a family-circumstances-based downward departure stating that "(t)he district court clearly believed that, in this case, the potential harm to the close relationship between this single parent and her child outweighed the benefits of a prolonged period of incarceration to achieve deterrence, protection of the public and punishment."

Mr. Kerr has been detained approximately ten (l0) months since his arrest. As is indicated, *supra,* while awaiting sentencing , he has comported himself admirably and with great grace and elan, unusual for a teenager under these extreme circumstances.  In *United States v. Baker,* 2007 WL 2693818 ? (6th Cir. Sept. 17, 2007), a possession of unregistered firearm case with a guideline range of 27-33 months, the court gave a sentence of probation with one-year house arrest because the defendant behaved "exceedingly well" while under supervision of pretrial services.

Letters and testimony, as aforementioned,  will be submitted to this Honorable Court, discussing young Mr. Kerr's otherwise good character. In *United States v, Santoya,* 493 F.Supp.2d  1075 (E.D. Wisc. 2007) a cocaine distribution case where the defendant's career offender guidelines called for 188-235 months, the court imposed a sentence of 139 months stating that the defendant "had significant positives in his character and background as evidenced by the letter from his family and fiancée  which the guidelines did not take into account and because the judge is "permitted to consider the entirety of the defendant's background and character, not just the negatives in his criminal history."

The goal of rehabilitation cannot be served if a defendant can look forward to nothing beyond imprisonment. Hope is the necessary condition of mankind, for we are all created in

the image of God. It is humbly and respectfully suggested that he is a wise and compassionate jurist, indeed, who gives great consideration to all factors before sentencing so severely that he destroys all hope and takes away all possibility of a useful life. Punishment should not be more severe than necessary "to satisfy the goals of punishment." In the present case, while under the guidelines young Dominic Kerr could be sentenced to many years incarceration or receive a sentence that will allow him to get his life back on track. The question, then, remains: which sentence will more likely ensure that young Mr. Kerr goes on to become a self-sufficient, productive, law abiding citizen of our society and nation, without offending a fair notion of justice. The answer, it is respectfully submitted, is obvious.

Additionally, in *United States v. Nava-Sotelo,* 232 F.Supp. 2d 1269, an assault and kidnapping case, the court gave a six level downward departure based on a "combination of exceptional mitigating factors", including family circumstances, incomplete duress, lesser harms, community support and civic, charitable and public support. In *United States v. Gray,* 453 F3d. 1323 (11th Cir. 2006) a distribution of pornography case, calling for a low end of the guidelines of 151 months, the appellate court held that the lower court's sentence of 72 months was reasonable because the court took into consideration §3553(a) factors which include the "history and characteristics of the defendant." "The defendant's age, prior minimal record and his medical condition" were considered. Here, Mr. Kerr, has already suffered significant loss of freedom and become aware of the gravity of his errors while incarcerated for the last ten (10) months of his young life.

## CONCLUSION

Dominic Kerr is an outstanding young teen, friend, to all those that know and love him, and life-long loyal son, who during a time of youthful impetuousity, made potentially disastrous judgment calls in conjunction with those who were older, wiser and knew better. This judgment lapse occurred during a time of emotional turmoil, abandonment and stress for him and while profoundly under the influence of massive amounts of narcotics. Despite all that, there are still opportunities to "right the ship" and get back on the right track, a move that will impact his life for the better…forever, but Dominic needs the assistance and compassion of this Honorable Court.

In testifying before the Senate Judiciary Committee on February 14, 2007, United States Supreme Court Justice Anthony Kennedy stated that "our sentences are too long, our sentences are too severe, our sentences are too harsh…(and because there are so few pardons) there is no compassion in the system. There is no mercy in the system." For Dominic Kerr, an otherwise salvageable teenager, the question remains, what is "sufficient, but not greater than necessary" to comply with the sentencing directives. Your Honor, in asking that question, undersigned counsel adjures you to impose a sentence that will allow young Dominic to correct the errors of his ways and repay his debt to society by going back and becoming something that he has never, rally ever had a legitimate chance to be: an upstanding, law abiding person, who went on to become a "having-learned -from- his- youthful mistakes", adult member of this same society he has momentarily stumbled in front of.

**CERTIFICATE OF SERVICE**

     **I HEREBY CERTIFY** that on May 1st, 2014, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and that the document is being served this day via transmission of Notices of Electronic Filing generated by CM/ECF.

     Respectfully submitted,

     *Isl Herbert Erving Walker, III Esq.*
     HERBERT ERVING WALKER, III
     *Attorney & Counselor at Law*
     Florida Bar No. 183989
     The Law Offices of Herbert Erving Walker, III
     Offices at Bay Point
     4770 Biscayne Boulevard-Suite 1250
     Miami, Florida 33137
     facsimile 305-576-2304
     E-mail: HerbertEWalkerIII@gmail.com